UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER K. ALONSO,<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL COUNTY SHERIFF OFFICE et al.,<br><br>Defendants. | Case No.: 23-CV-0005-CAB-BGS<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS COMPLAINT**<br><br>[Doc. No. 5] |
|---|---|

This matter is before the Court on Defendants' motion to dismiss on the grounds that the complaint fails to state a claim under 42 U.S.C. § 1983. The motion was filed on January 26, 2023, and set a hearing date (for briefing purposes only) of March 2, 2023. Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen calendar days before the noticed hearing. Thus, based on the hearing date of March 2, 2023, Plaintiff's opposition to the motion to dismiss was due on February 16, 2023. No opposition has been filed. Under the local rules, Plaintiff's failure to oppose "may constitute a consent to the granting of [the] motion." *See* CivLR 7.1.f.3.c.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule

by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the *Ghazali* factors support granting the motion based on the lack of opposition because Plaintiff's failure to oppose the motion to dismiss indicates that Plaintiff has abandoned this lawsuit and consents to the granting of the motion to dismiss. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants by further delays in this litigation, and the lack of appropriate less drastic sanctions all support dismissal. Accordingly, the motion to dismiss is **GRANTED** based on the lack of opposition, and the complaint is **DISMISSED WITHOUT PREJUDICE**.[1] The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: March 6, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] If Plaintiff's failure to oppose the motion to dismiss was inadvertent, he must file a motion for relief from this order under Federal Rule of Civil Procedure 60, along with a brief in opposition to the motion to dismiss, by **April 3, 2023**.